KILPATRICK STOCKTON LLP
JOCELYN BURTON (CA BAR NO. 135879)
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Phone:  (336) 607-7300
Fax:  (336) 607-7500

Attorneys for Defendants
KRISPY KREME DOUGHNUTS, INC.; KRISPY KREME DOUGHNUT CORPORATION; GOLDEN GATE DOUGHNUTS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS A. NASH,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>KRISPY KREME DOUGHNUTS, INC.; KRISPY KREME DOUGHNUT CORPORATION; GOLDEN GATE DOUGHNUTS, LLC.<br><br>　　　　Defendants. | **CASE NUMBER: 2:06-CV-01371-GEB-KJM**<br><br>**STIPULATION AND** ~~**PROPOSED**~~ **PROTECTIVE ORDER**<br><br><u>(with court modifications shown in underline/strikeout format)</u> |

Counsel for plaintiff Chris A. Nash ("Plaintiff") and counsel for defendants Golden Gate Doughnuts, LLC, Krispy Kreme Doughnut Corporation, Krispy Kreme Doughnuts, Inc. (collectively, "Defendants") have acknowledged and agreed that certain documents and information to be exchanged during the course of discovery in this action will contain confidential and proprietary documents and information of Defendants, confidential information related to Plaintiffs, and confidential information of the employees of Defendants, which information the parties have agreed should remain confidential pursuant to the terms of an appropriate protective order entered in this action.  Accordingly, the parties have agreed that the following protective order be entered by the Court pursuant to the provisions of Federal Rule of Civil Procedure 26(c) and Local Rule 39-140(b).

The Court, with the consent of counsel for the respective parties, hereby ORDERS as follows:

1. When used in this Order, "documents" means all information, any writing (as defined in Evidence Code 1001(1)), graphs, charts, recorded material, computer based information, objects, pictures or any other materials produced or otherwise conveyed by Plaintiffs or by Defendants or by their respective counsel during this litigation, including, but not limited to, documents or responses produced by a party or non-party in the course of discovery in this case pursuant to the Federal Rules of Civil Procedure, subpoena, or by agreement; deposition transcripts and exhibits; and any portions of any papers which quote from or summarize any of the foregoing.

2. Plaintiffs and Defendants and any non-party producing documents in this action, which documents they reasonably believe contain, disclose, or reflect confidential and/or proprietary information may designate any such documents as "Confidential Information" for purposes of this Order by plainly marking them as "Confidential."  Such confidential information includes without limitation the following: (1) confidential and proprietary company information such as business plans, marketing plans, trade secrets, financial information, and information likely to provide a marketing or sales advantage to a competitor; (2) private, sensitive, and confidential information regarding Defendants' employees including without limitation personal information (including Social Security numbers), performance evaluations, documents pertaining to salary and benefits, disciplinary actions, health information, financial information, or any other documents maintained as personnel records of any of Defendants' employees; (3) agreements between Defendant Krispy Kreme Doughnut Corporation and any of its franchisees or associates, including without limitation personal identifying information, sales data, sales plans, marketing documents, financial information, business information or records, and any other personal, private

or sensitive information regarding associates or franchisees of Krispy Kreme Doughnut Corporation; and (4) any other similar private, legally-protected, competitively-sensitive, or commercially-sensitive information of a non-public nature.

3. Confidential Information designated and produced by Plaintiffs or by Defendants shall be used only for purposes of this litigation, and not for any other purpose (except by the party producing the Confidential Information), and shall only be disclosed as provided for in this Order.

4. Plaintiffs or Defendants giving testimony in this action, or counsel for Plaintiffs or Defendants, may designate as Confidential Information that portion of a deponent's testimony reasonably deemed to be Confidential Information (as defined in paragraph 2). Within twenty business days following the receipt by counsel of any deposition transcripts, counsel for the party asserting confidentiality shall identify the particular portions of the transcript which shall require continued treatment as Confidential Information. Thereafter, only those portions so identified shall be treated as Confidential Information, and all other portions shall be treated as not confidential. The failure of Plaintiffs' or Defendants' counsel to identify those portions of any deposition transcript requiring treatment as Confidential Information within twenty business days shall result in treatment of said material as not confidential, unless otherwise agreed by the parties hereto or their respective counsel.

5. Except with prior written consent of the party producing the Confidential Information, no document designated as Confidential Information and no information contained therein may be disclosed to any persons or entities other than:

    A. Counsel, including in-house counsel, representing the parties to this action;

    B. Secretaries, paralegal assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

C. Any person who was involved in the preparation of the document marked Confidential;

D. The parties to this action as well as employees of Defendants.

E. Experts retained by a party in this action.

6. Confidential Information may be referred to in interrogatory answers, motions and briefs, responses to document request, initial disclosures, and may be used in depositions and marked as deposition exhibits in this action. However, no such Confidential Information shall be filed with a motion or brief unless it or the portion of the motion or brief where it is revealed is <u>first made the subject of a request to seal as provided for by the Local Rules. If the Court approves sealing, then the Confidential Information shall be</u> filed in an envelope under seal with the court and marked as follows:

> CONFIDENTIAL MATERIAL FILED UNDER SEAL: THE ENCLOSED MATERIAL IS SUBJECT TO A<u>N</u> ~~PROTECTIVE~~ ORDER OF THE COURT DATED _____, 2006. WITHOUT A COURT ORDER, THIS ENVELOPE MAY NOT BE OPENED EXCEPT BY THE COURT OR ITS EMPLOYEES.

7. Whenever a party objects to another party's designation of a document as Confidential Information, <u>or as appropriate for sealing,</u> it may apply to the Court for a ruling that the document shall not be so treated, giving notice to the party or non-party producing the documents. Until this Court enters an order changing or removing the designation, the document shall be given the Confidential Information treatment initially assigned to it and provided for in this Order.

8. Unless the Court directs otherwise at the completion of this litigation, within sixty days of the conclusion of this action, documents designated Confidential Information and all copies of same (other than exhibits <u>or other documents</u> of record) shall be returned to the party producing the document. Paragraph 5 of this Order, however, shall continue to apply to any Confidential

-4-
STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER
CASE NO. 2:06-CV-01371-GEB-KJM

Information after this action has been terminated, including all abstracts, notes, or other internal work product made by counsel or their staffs.

9. By conducting the preparation (including response to discovery) and trial of this case under the terms of this Order, the parties do not waive, as to each other or as to third parties, and expressly retain the right to assert the application of, any common law or statutory privileges, including, but not limited to, the attorney-client privilege and the work product doctrine, or any theory for immunity from disclosure of the Confidential Information or information. Nothing in this Order shall prevent any party or non-party to this action from objecting to discovery which it believes to be otherwise improper.

10. The Order is being entered into to facilitate discovery in this action, and is without prejudice to the right of any party to move for its modification or vacation. This Order shall not preclude the Court from entering a different order or otherwise vacating this Order.

Dated:_____   LAW OFFICES OF ALAN ADELMAN


By:_____[1]
   Alan Adelman
   Attorneys for Plaintiff Chris A. Nash

Dated:_____   KILPATRICK STOCKTON LLP


By:_____
   Jocelyn Burton
   Attorneys for Defendants
   KRISPY KREME DOUGHNUT CORPORATION,
   KRISPY KREME DOUGHNUTS, INC.
   and GOLDEN GATE DOUGHNUTS, LLC

---

[1] The Court acknowledges receipt of a copy of the stipulation and proposed order signed by counsel.

**ORDER**

Pursuant to stipulation as hereby modified, IT IS SO ORDERED.

Dated: January 23, 2007.

_____
U.S. MAGISTRATE JUDGE